**FILED**
Samuel L. Kay, Clerk
United States Bankruptcy Court
Augusta, Georgia
*By mfox at 5:35 pm, Jan 19, 2010*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MORRIS PUBLISHING GROUP, LLC, et al., | Case No. 10-10134 |
| Debtors. | Jointly Administered |

**INTERIM ORDER AUTHORIZING:
(A) PAYMENT OF PREPETITION EMPLOYEE
WAGES, SALARIES, AND OTHER COMPENSATION;
(B) REIMBURSEMENT OF PREPETITION EMPLOYEE BUSINESS
EXPENSES; (C) PAYMENTS FOR WHICH PREPETITION PAYROLL
AND TAX DEDUCTIONS WERE MADE; (D) CONTRIBUTIONS
TO PREPETITION EMPLOYEE BENEFIT PROGRAMS;
(E) PAYMENT TO THIRD PARTIES OF ALL COSTS AND EXPENSES
INCIDENT TO THE FOREGOING PAYMENTS AND CONTRIBUTIONS;
AND (F) APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS
TO HONOR AND PAY ALL CHECKS AND TRANSFERS DRAWN ON
THE DEBTORS' PAYROLL ACCOUNTS TO MAKE THE FOREGOING PAYMENTS**

This matter coming before the Court on the Motion For An Interim Order Authorizing: (A) Payment Of Prepetition Employee Wages, Salaries, And Other Compensation; (B) Reimbursement of Prepetition Employee Business Expenses; (C) Payments For Which Prepetition Payroll And Tax Deductions Were Made; (D) Contributions To Prepetition Employee Benefit Programs; (E) Payment To Third Parties Of All Costs And Expenses Incident To The Foregoing Payments And Contributions; And (F) Applicable Banks And Other Financial Institutions To Honor And Pay All Checks And Transfers Drawn On The Debtors' Payroll

NGEDOCS: 1598892.12

Accounts To Make The Foregoing Payments (the "Motion"),[1] filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); the Court having reviewed the Motion and all pleadings related thereto, including the Stone Affidavit, and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Motion and the Hearing was sufficient under the circumstances; it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court finding that, absent the relief granted herein, the Debtors would suffer "immediate and irreparable harm," as such term is used in Bankruptcy Rule 6003; and the Court having determined that the legal and factual bases set forth in the Motion and the Stone Affidavit and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363, 1107 and 1108 of the Bankruptcy Code, to continue to honor and pay in the ordinary course all prepetition amounts relating to: (i) Unpaid Wages, estimated to be approximately $2 million; (ii) Reimbursable Expenses, estimated to be approximately $85,000; (iii) Payroll Taxes, estimated to be approximately $1.4 million; and (iv) Deductions, estimated to be $800,000.

3. The Debtors shall pay no more than 25% in excess of each of the estimated amounts identified in the immediately preceding paragraph.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

4. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363, 1107 and 1108 of the Bankruptcy Code, to honor, in the ordinary course of business, all liabilities to the Employees that arose under their Paid Time Off policies or practices prior to the Petition Date.

5. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363, 1107 and 1108 of the Bankruptcy Code, to continue to pay postpetition Wages in the ordinary course and in accordance with their prepetition practices and policies.

6. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363, 1107 and 1108 of the Bankruptcy Code, to continue to pay all postpetition Reimbursable Expenses in the ordinary course and in accordance with their prepetition practices and policies.

7. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363, 1107 and 1108 of the Bankruptcy Code, to continue to allocate and distribute all postpetition Payroll Taxes and Deductions in the ordinary course and in accordance with the Debtors' policies and prepetition practices.

8. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363, 1107 and 1108 of the Bankruptcy Code, to continue to make all payments to third parties incident to payment of the Employee Wages and Benefits.

9. Subject to available funds, (i) the Debtors' banks are authorized to honor prepetition checks and transfers in accordance with this Order on or after the Petition Date, and (ii) the Debtors' banks and financial institutions are authorized to process and honor all other checks and transfers issued for payments approved by this Order and/or reissue checks for any payments approved by this Order where checks may be dishonored postpetition.

10. Any bank that honors a check or transfer in accordance with the immediately preceding paragraph may do so without any duty of further inquiry and without liability for following the Debtors' instructions.

11. Within three business days of the entry of this interim order (the "Interim Order"), the Debtors shall serve a copy of the Interim Order and the Motion on (a) the U.S. Trustee; (b) the creditors holding the 20 largest unsecured claims against the Debtors' estates, as identified in the Debtors' chapter 11 petitions; (c) counsel to the administrative agent to the prepetition lenders; and (d) counsel to the Ad Hoc Committee.

12. Any objection to the relief requested in the Motion on a permanent basis must (a) be filed in writing with the Court, at United States Bankruptcy Court, Southern District of Georgia, Federal Justice Center, 600 James Brown Blvd., Augusta, Georgia 30901, by 4:00 p.m. (prevailing Eastern Time) on the date that is 15 days after the entry of this Interim Order (the "Objection Deadline"), and (b) served so as to be actually received by the following parties by the Objection Deadline: (i) the U.S. Trustee for the Southern District of Georgia, 222 W Oglethorpe Avenue, Suite 302, Savannah, Georgia 31401, (ii) counsel to the Debtors, Neal, Gerber & Eisenberg, LLP, Two North LaSalle Street, Chicago, Illinois 60602, attn: Mark A. Berkoff, Esq. and Deborah M. Gutfeld, Esq.; (iii) counsel to any official committee then appointed in these chapter 11 cases; (iv) counsel to the administrative agent for the prepetition lenders, Hogan & Hartson, LLP, 555 Thirteenth Street, NW, Washington, District of Columbia 20004, Attn: Gordon C. Wilson, Esq.; and (v) counsel to the Ad Hoc Committee, Stroock & Stroock & Lavan, LLP, 180 Maiden Lane, New York, New York 10038, Attn: Kristopher M. Hansen, Esq. and Jayme T. Goldstein, Esq.

13. If any timely objections are received, a hearing shall be held to consider such objections on February 17, 2010, at 9:00 a.m. This Order shall remain in effect until such hearing.

14. If no objections are timely filed and served as set forth herein, the Debtors shall, on or after the Objection Deadline, submit to the Court a final order substantially in the form of this Interim Order, which Order may be entered with no further notice or opportunity to be heard afforded to any party.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

16. Pursuant to Bankruptcy Rule 6004(h), this Order is final and shall be immediately effective and enforceable upon its entry.

Date: January 19, 2010

United States Bankruptcy Judge