**FILED**

**Samuel L. Kay, Clerk**
**United States Bankruptcy Court**
**Augusta, Georgia**
*By mfox at 9:13 am, Feb 10, 2010*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | |
| MORRIS PUBLISHING GROUP LLC, | ) | CHAPTER 11 CASE |
| <u>et al.</u> | ) | NUMBER <u>10-10134</u> |
| | ) | |
| Debtors | ) | Jointly administered |
| _____ | ) | |
| JUDITH SERAPHIN and | ) | |
| ED SLAVIN | ) | |
| | ) | |
| Objecting Parties | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MORRIS PUBLISHING GROUP LLC, | ) | |
| <u>et al.</u> | ) | |
| | ) | |
| Debtors/Respondents | ) | |

## <u>ORDER OVERRULING OBJECTION TO CONFIRMATION</u>

This matter is before me on the Motion to Intervene, Motion to Appoint Trustee or Examiner and Motion to Hold Telephonic Hearing on Debtor's Neglect of Journalistic Duties, filed pro se by Judith Seraphin and Ed Slavin of St. Augustine, Florida. Seraphin and Slavin present themselves before this Court as "local community activists . . . . concerned about civil rights, environmental justice, public health, waste, fraud, abuse, misfeasance, malfeasance, nonfeasance and other issues arising out of state and local governments." (Dkt. No.

AO 72A

(Rev. 8/82)

88 ¶ 1.)[1] The motion is taken as an objection to confirmation
("Objection"), which is overruled because Seraphin and Slavin
(the "Objecting Parties") have no standing to object as parties
in interest and they have not shown cause why they should be
allowed to intervene.

## BACKGROUND

Morris Publishing Group LLC and fourteen affiliated
entities filed petitions for relief under chapter 11 of the
Bankruptcy Code on January 19, 2010. The cases have been
consolidated for procedural purposes and are being jointly
administered. The Debtors continue to operate their respective
businesses and have filed a prepackaged joint plan of
reorganization under which the claims of bondholders constitute
the only impaired class. All other classes, including general
unsecured claims, are unimpaired. The confirmation hearing is
set for February 17, 2010. To date, the only objection is the
one I consider here.

The Debtors' main business is newspapers, which
include the St. Augustine Record. As "longtime readers and
subscribers" of the Record, the Objecting Parties say they are
"horrified" at what they perceive to be a decline in the

---

[1] All docket citations refer to the docket in this case.

AO 72A

(Rev. 8/82)

quality and quantity of the Record's news coverage, "with slashed news budgets over the last 5-10 years." (Id. ¶ 2.) Further, because the Debtors "admitted [in a press release] that there will be 'no change' as a result of their Chapter 11 filing" (id.), the Objecting Parties assert that "[t]his plan won't work" (id. ¶ 4).

The Objecting Parties object to "the promise of 'no change'" (id. ¶ 3) as "uphold[ing] Morris family mismanagement" of the Debtors' media properties (id. ¶ 10). The Objecting Parties see the Debtors' plan as "a potential death sentence for smaller newspapers" like the Record, the demise of which "would be a clear and present danger to our democracy, allowing wrongdoers to prosper without investigative news coverage."[2] (Id. ¶ 7.) The Objecting Parties assert that "Morris Publishing must be held accountable" for inadequate news coverage and for "violating the standard of care . . . result[ing] in a death spiral of declining interest in newspapers." (Id. ¶ 8.) The Objecting Parties further argue that "[r]efusal to cover the news adequately is contrary to the interest of bondholders . . . in selling newspapers and advertising." (Id. ¶ 9.)

The Objecting Parties request intervenor status and entry of an order:

---

[2] The Objecting Parties extend this argument and one other to the Oak Ridger, a newspaper that one of the Debtors publishes in Oak Ridge, Tennessee. There is no indication, however, that the Objecting Parties read or subscribe to the Oak Ridger.

- appointing a Trustee "to protect the public interest in zealous local, government and investigative reporting" and

- affording the Objecting Parties "and other MORRIS readers" (1) notice and an opportunity to attend bankruptcy court hearings by telephone and (2) an opportunity to present their concerns at an evidentiary hearing after "full and fair disclosure and discovery."

(Id. at final unnumbered paragraph.)


## DISCUSSION

Before the Objection can be considered on its merits, the Objecting Parties must establish that they have standing to object to confirmation in this case. If the Objecting Parties lack standing, "it would be as if no party had objected on those stated grounds, and the [Debtors'] plan could not be denied confirmation on the theories advanced." In re A.P.I., Inc., 331 B.R. 828, 853 (Bankr. D. Minn. 2005), aff'd sub nom OneBeacon America Ins. Co. v. A.P.I., Inc., 2006 WL 1473004 (D. Minn. 2006).

Here, the Objecting Parties do not have standing to object, whether on their own behalf as parties in interest or on behalf of the Debtors' bondholders. Further, the Objecting Parties have not shown cause why they should be allowed to intervene, whether generally or with respect to the confirmation of the Debtors' plan.

AO 72A

(Rev. 8/82)

4

## I. The Objecting Parties Do Not Have Standing to Object as Parties in Interest under 11 U.S.C. § 1109(b).

The Bankruptcy Code gives "a party in interest" the right to appear and be heard on any issue in a chapter 11 bankruptcy case. 11 U.S.C. § 1109(b). Statutory parties in interest include "the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee." Id. Although this list is non-exhaustive, the concept of "party in interest" is not infinitely elastic. In re Ionosphere Clubs, Inc., 101 B.R. 844, 849 (Bankr. S.D.N.Y. 1989).

Regardless of whether an entity is a party in interest under § 1109(b), "[o]nly those parties sufficiently affected by a Chapter 11 proceeding should be able to appear [in] it and be heard." Id. The question of whether a party in interest is sufficiently affected by a particular proceeding is a question of standing, a concept that focuses on whether the party is "properly situated" to raise the claim, not on whether the claim itself is meritorious. General Motors Acceptance Corp. v. Dykes (In re Dykes), 10 F.3d 184, 188 (3rd Cir. 1993).

The first question, then, is whether the Objecting Parties are parties in interest under § 1109(b). Even if the Objecting Subscribers are parties in interest, however, they do

AO 72A

(Rev. 8/82)

not meet the requirements for standing to object to confirmation in this case.

## A. The Objecting Parties Have No Standing as Creditors.

The Bankruptcy Code defines "creditor" as an "entity that has a claim against the debtor that arose at the time of or before" the bankruptcy petition was filed. 11 U.S.C. § 101(10)(A). A newspaper's creditors include its subscribers, to whom the newspaper is obligated to deliver prepaid subscriptions. Subscribers hold general unsecured claims in a bankruptcy case.

Here, the Objecting Parties say they are "longtime" subscribers to the St. Augustine Record, a newspaper published by one of the Debtors. If the Objecting Parties are current subscribers to the Record, they are creditors and thus statutory parties in interest in this bankruptcy case. As statutory parties in interest, they would not be required to seek leave to intervene. See In re Addison Cmty. Hosp. Auth., 175 B.R. 646, 650 (Bankr. E.D. Mich. 1994).

But even if the Objecting Parties can establish that they are current subscribers and thus creditors, the inquiry into their right to bring the Objection would not end there. In addition, the Objecting Parties must establish standing to participate in this particular proceeding—that is, to object to the confirmation of this case—and the Objecting Parties cannot.

AO 72A

(Rev. 8/82)

A threshold question in every federal case is whether the party who seeks to be heard has the standing to request relief. Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm., 321 B.R. 147, 157 (D.N.J. 2005). "[L]imits on standing are vital in bankruptcy, where clouds of persons indirectly affected by the acts and entitlements of others may buzz about, delaying final resolution of cases." In re Deist Forest Prods., Inc., 850 F.2d 340, 341 (7th Cir. 1988).

The right to appear and be heard as a party in interest under § 1109(b) is not the same as standing, and § 1109 does not give every party in interest the right to seek relief on every issue. In re Rimsat, Ltd., 193 B.R. 499, 503 (Bankr. N.D. Ind. 1996). As to confirmation, "Congress did not intend to grant all parties in interest standing to be heard . . . on every single aspect of the reorganization proposal and the effects of its consummation." In re A.P.I., Inc., 331 B.R. 828, 860 (Bankr. D. Minn. 2005), aff'd sub nom OneBeacon America Ins. Co. v. A.P.I., Inc., 2006 WL 1473004 (D. Minn. 2006). To establish standing to object to confirmation, a party in interest under § 1109(b) must possess a legally protected interest affected by confirmation. See SWE&C v. Saudi Arabian Oil Co. (In re Stone & Webster, Inc.), 373 B.R. 353, 361 (Bankr. D. Del. 2007), aff'd, 2008 WL 4890896 (D. Del. 2008).

AO 72A

(Rev. 8/82)

As to creditors, only those whose pre-petition rights are impaired under the plan have legally protected interests affected by confirmation. See 11 U.S.C. § 1124(1). Creditors in unimpaired classes have no pre-petition rights affected by confirmation and thus no legally protected interests affected by confirmation. See In re A.P.I., Inc., 331 B.R. at 855. Creditors in unimpaired classes thus lack standing to object to confirmation. In re E.S. Bankest, L.C., 321 B.R. 590, 595 (Bankr. S.D. Fl. 2005).

Here, the class of general unsecured claims, which includes the claims of newspaper subscribers, is unimpaired under the Debtors' plan. Thus even if the Objecting Parties can establish that they are newspaper subscribers, they would be members of an unimpaired creditor class. Consequently, the Objecting Parties would have no legally protected interest affected by confirmation and therefore no standing to object to confirmation as newspaper subscribers.

## B. The Objecting Parties Have No Standing as Newspaper Readers or Community Activists.

Because the list in § 1109(b) of who may be a party in interest is non-exhaustive, bankruptcy courts must determine which entities are parties in interest besides the entities on the list. This determination is made on a case-by-case basis in light of the purposes of the Bankruptcy Code. In

re Ionosphere Clubs, Inc., 101 B.R. 844, 849 (Bankr. S.D.N.Y. 1989). In a case under chapter 11, that purpose is "to give the financially distressed debtor a breathing spell in which to accomplish rehabilitation." In re River Bend-Oxford Assocs., 114 B.R. 111, 114 (Bankr. D. Md. 1990).

Courts ask the following question when considering whether an entity is a party in interest under § 1109(b): Does the entity have a pecuniary interest that is directly or adversely affected by the outcome of the proceeding, such that the entity requires representation? In re Stone Barn Manhattan LLC, 405 B.R. 68, 74 (Bankr. S.D.N.Y. 2009). If yes, the standard under § 1109(b) has been met. See In re E.S. Bankest, L.C., 321 B.R. at 595 ("The general theory . . . is that anyone holding a direct financial interest in the outcome of a case should be able to participate to protect their interest.").

Mere interest in the outcome of the proceeding is not sufficient to meet the standard. In re Goldman, 82 B.R. 894, 896 (Bankr. S.D. Ohio 1988). Thus an entity without some kind of direct relationship with the debtor, the debtor's property, or the administration of the bankruptcy estate—an entity that is a stranger to the bankruptcy case—is generally not a party in interest under § 1109(b). Id.

The Objecting Parties, as newspaper readers and community activists, are just such strangers to the bankruptcy

case here, with nothing more than mere interest in the confirmation of the Debtors' plan. The Objecting Parties, self-styled as community activists or readers, have no direct relationship with the Debtors, the Debtors' property, or the administration of this chapter 11 case. Further, the Objecting Parties do not assert a pecuniary interest that is directly or adversely affected by confirmation and as to which they require representation. Indeed, the Objecting Parties do not assert any pecuniary interest at all.

None of the issues raised by the Objecting Parties are in any way related to the purpose of this chapter 11 case, which is to give the Debtors the breathing space necessary to accomplish their financial rehabilitation. The Objecting Parties raise what could generally be termed public interest issues. The Objecting Parties, self-styled as community activists or merely readers, therefore have not met the standard under § 1109(b) and consequently are not parties in interest as such.

Moreover, even if the Objecting Parties had met the standard under § 1109(b), they still would not have standing to object to confirmation as newspaper readers and community activists any more than they have standing to object as newspaper subscribers. Newspaper readers and community activists have no legally protected interest affected by

AO 72A

(Rev. 8/82)

confirmation in this case. The Objecting Parties are thus precisely the prospective litigants that the limits on standing were designed to exclude: the "clouds of persons indirectly affected by the acts and entitlements of others . . . [who] buzz about, delaying final resolution of cases," In re Deist Forest Prods., Inc., 850 F.2d at 341.

## II. The Objecting Parties Have No Standing on Behalf of Bondholders.

The concept of standing also prohibits one party from raising the legal rights of another party. In re Orlando Investors, L.P., 103 B.R. 593, 596 (Bankr. E.D. Pa. 1989), citing Allen v. Wright, 468 U.S. 737, 750-51 (1984). Consequently, "no party may successfully prevent the confirmation of a plan by raising the rights of third parties who do not object to confirmation." In re Johns-Manville Corp., 68 B.R. 618, 624 (Bankr. S.D.N.Y. 1986), aff'd, 78 B.R. 407 (S.D.N.Y. 1987).

The Objecting Parties assert that inadequate news coverage is contrary to the interest of the Debtors' bondholders. Unless the Objecting Parties themselves are bondholders, however, they may not object to confirmation on the bondholders' behalf. The Objecting Parties do not assert that they are bondholders and there is no basis otherwise to

AO 72A

(Rev. 8/82)

believe they are bondholders. The Objecting Parties thus have no standing to object to confirmation as contrary to the bondholders' interest.

### III. **The Objecting Parties May Not Intervene.**

Rule 2018(a) of the Federal Rules of Bankruptcy Procedure provides for permissive intervention by entities that do not have a right to participate in the case under § 1109 of the Bankruptcy Code. In re Addison Cmty. Hosp. Auth., 175 B.R. 646, 650 (Bankr. E.D. Mich. 1994). Under Rule 2018(a), the court may in its discretion "permit any interested entity to intervene generally or with respect to any specified matter." F.R.B.P. 2018(a). The movant must show cause, construed as "an economic interest in the case or one of its aspects or a concern with its precedential ramifications." 175 B.R. at 651.

The Objecting Parties have shown neither an economic interest in any aspect of this case nor any concern for precedential ramifications. As previously discussed, the Objection focuses solely on what the Objecting Parties see as mismanagement of the Debtors' media holdings as related to a past, present, and future failure to serve the public interest in the quality and quantity of news coverage in the Debtors' newspapers. Thus the Objecting Parties have not shown cause for

permissive intervention either generally or as to the confirmation of the Debtors' plan.

## CONCLUSION

The Objecting Parties do not have standing as parties in interest to object to confirmation in this case. Further, they do not have standing to object on behalf of the Debtors' bondholders, and they have not alleged, much less shown, cause why they should be allowed to intervene.

The objection to confirmation filed by Judith Seraphin and Ed Slavin is therefore **ORDERED OVERRULED**. Having determined that the Objecting Parties lack standing to object in any capacity to confirmation of the Debtors' plan and may not intervene in this case at all, I need not and do not address the remaining relief requested in their filing.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this ____ day of February, 2010.